# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HARMANJIT SINGH,

     Petitioner,

v.

     Case No. 2:26-cv-02375-MIS-LF

DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director, ICE Enforcement and Removal Operations, EL Paso Field Office; DAVID J. VENTURELLA, Acting Director U.SS. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States,

     Respondents.

## <u>ORDER GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Harmanjit Singh's Verified Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 23, 2026. The federal Respondents filed a Response on August, 7, 2026 ("Response"),[1] ECF No. 5, to which Petitioner filed a Reply on August 10, 2026 ("Reply"), ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Relevant background

Petitioner is a citizen of India who entered the United States near Otay Mesa, California, in 2018, without inspection and without being admitted or paroled. Pet ¶¶ 11, 17. On January 12,

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner following a traffic stop near Sierra Blanca, Texas. Record of Deportable Alien at 3-4, ECF No. 5-1. Immigration officials then issued Petitioner a Notice to Appear, charged him as an alien present in the United States without admission or parole and removable under Section 212 of the Immigration and Nationality Act ("INA") and placed him in removal proceedings. Notice to Appear at 1, ECF No. 5-2. He has been in immigration detention ever since at the Otero County Processing Center in Chaparral, New Mexico. Pet. ¶ 19.

On February 6, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, which was assigned to Chief United States District Judge Kenneth J. Gonzalez. Pet. ¶ 22. On February 20, 2026, Chief Judge Gonzalez found that Petitioner's detention was governed by 28 U.S.C. § 1226(a), granted relief, and directed the federal government to hold an individualized bond hearing. Pet. ¶ 2.

On February 24, 2026, Petitioner received a custody redetermination hearing at which the Immigration Judge denied Petitioner bond, finding that Petitioner has a "speculative form of relief" and "his manner of entry, and lack of candor to the court all come together to form clear and convincing evidence that respondent is a flight risk." Order of the Immigration Judge, February 24, 2026, at 1, ECF No. 5-3.

On April 13, 2026, an Immigration Judge denied Petitioner's application for asylum, withholding of removal under the INA, and withholding of removal under the Convention Against Torture ("CAT"), and ordered Petitioner removed to India. Order of the Immigration Judge, April 13, 2026 ("Removal Order") at 1, 3, ECF No. 5-4. Petitioner appealed the Removal Order and, according to the Executive Office of Immigration Review's website, his appeal remains pending before the Board of Immigration Appeals.

On July 23, 2026, Petitioner filed the instant Verified Petition for Writ of Habeas Corpus, with a new claim challenging his prolonged detention. ECF No. 1. Respondents filed a Response on August 6, 2026, ECF No. 5, to which Petitioner filed a Reply on August 10, 2026. ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his prolonged detention—now exceeding seven months—is excessive and a violation of his Fifth Amendment due process rights. Pet. at 11. He seeks immediate release. Id. at 20.

Respondents argue that Petitioner is not entitled to relief because Petitioner has received a bond hearing and Section 1226(e) bars this Court from reviewing that bond determination. Resp. at 3. They further argue that because Petitioner has been charged as removable and received a

bond hearing, his detention during the pendency of his removal proceedings is constitutional. Id. at 4.

Pursuant to the Tenth Circuit's opinion in Santillan Quiroz, because Petitioner was detained in the interior of the United States, he is subject to Section 1226(a), and thus eligible for bond. 180 F.4th at 1237. The Court will assume without deciding that the Immigration Judge's Order of February 24, 2026, was constitutionally adequate because he denied bond, in part, on a finding that Petitioner was a flight risk. ECF No. 5-3 at 1.

However, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, No. 2:26-cv-00550, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over seven months, with no reasonably foreseeable end in sight,[2] is excessive in

---

[2]     As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas,  533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243.  The "typical remedy" for "unlawful executive detention" is release from custody.  Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Respondents have failed to articulate a legitimate interest in Petitioner's continued detention.  Therefore, the Court finds that immediate conditional release is the appropriate remedy.  See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

5

IV.    **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.    The Verified Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Harmanjit Singh from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.    Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.    Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE